UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| COMMERCIAL BANK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:09-CV-372 |
| ) | (VARLAN/SHIRLEY) |
| HOLLIS SUMMERS and ) | |
| ZELPHER SUMMERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the Court on plaintiff Commercial Bank, Inc.'s ("Commercial Bank's") Motion to Remand [Doc. 4], filed September 23, 2009. Commercial Bank, pursuant to 28 U.S.C. § 1447(c), moves to remand this case to the Union County General Sessions Court. In support of the Motion to Remand, Commercial Bank argues that: (1) the notice of removal pleadings did not comply with the requirements of 28 U.S.C. § 1446; (2) the notice of removal pleadings were not timely filed in accordance with § 1446; (3) and, this Court lacks subject matter jurisdiction because this case has no federal question jurisdiction.

**I.     Procedural History**

On or about March 23, 2009, Commercial Bank filed a detainer warrant action against defendants Hollis Summers and Zelphers Summers (the "Summers") in the General Sessions Court for Union County. In the detainer action, Commercial Bank sought possession of residential property (the "Property") that was the subject of a prior power of sale foreclosure

proceeding against the Summers by Commercial Bank. As a result of the foreclosure proceeding, Commercial Bank obtained ownership of the Property and filed a trustee's deed with the Union County Register of Deeds Office [*See* Doc. 4-2, Exhibit 1]. Since that time, the Summers have refused to vacate the Property and return possession of said Property to Commercial Bank. On August 24, 2009, the Summers filed a Notice of Removal/Motion for Leave to File Notice of Removal Out of Time/Mandatory Judicial Notice Pursuant to Rule 201 F.R.E. and a Notice of Filing of Notice of Removal [Docs. 1, 2]. On September 23, 2009, Commercial Bank filed this Motion to Remand [Doc. 4]. On September 30, 2009, the Summers filed another Notice of Filing Notice of Removal [Doc. 5].

## II. Motion to Remand

Pursuant to 28 U.S.C. § 1447(c), Commercial Bank seeks a remand of this case to the General Sessions Court for Union County on the following grounds: (1) the notice of removal pleadings do not comply with 28 U.S.C. § 1446 because neither pleading contains a short and plain statement of the grounds for removal, neither pleading contains a copy of the detainer warrant, and all defendants have not joined in or consented to the removal pleadings; (2) the notice of removal pleadings were not filed in a timely manner in accordance with § 1446; and (3) this Court lacks subject matter jurisdiction because there is no federal question jurisdiction because this action was brought solely under Tennessee state law, specifically, Tennessee Code Annotated §§ 29-18-101, *et seq.* Commercial Bank also requests that it be awarded just costs and expenses, including reasonable attorneys fees, pursuant to 28 U.S.C. § 1447(c).

2

Case 3:09-cv-00372-TAV-CCS   Document 6   Filed 10/26/09   Page 2 of 8   PageID #: 56

**A.     28 U.S.C. § 1446 - Requirements for a Notice of Removal**

Statutes conferring removal jurisdiction are to be strictly construed because removal jurisdiction encroaches on a state court's jurisdiction. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Because of this strict construction, all doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removing party bears the burden of proving that removal is proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921); *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 1446(a), a defendant or defendants who wish to file a notice of removal must do so "pursuant to Rule 11 of the Federal Rules of Civil Procedure"[1] and such notice must contain a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C. § 1446(a). In addition, the rule of unanimity demands that all defendants join in the petition to remove. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003), *quoting Brierly*, 184 F.3d at 533 n.3 ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined must either join in the removal or file a written

---

[1] Federal Rule of Civil Procedure Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

3

consent to the removal."). Failure to obtain unanimous consent forecloses the opportunity for removal under § 1446. *Loftis*, 342 F.3d at 516.

Neither of the Summers' notice of removal pleadings contain a short and plain statement of the grounds for removal, nor have the Summers attached copies of all prior pleadings served on the Summers in this case.[2] Moreover, there is no indication that defendant Zelpher Summers joined in the removal pleadings, as she did not sign the notice of removal pleadings as required by 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 11. Further, the notice of removal pleadings do not indicate that defendant Zelpher Summers consented to the removal [*See* Doc. 4-3, Exhibit 2]. Thus, because the notice of removal pleadings contain pleading and filing defects, and because the rule of unanimity has not been satisfied, this action should be remanded to state court.

**B.     Timely Filed**

A notice of removal must

> [B]e filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[2] Summers' second Notice of Filing Notice of Removal [Doc. 5] contains a civil cover sheet, a copy of the first notice of removal, and several documents from the prior proceedings in this case in the General Sessions Court for Union County, including a subpoena for Zelpher Summers. However, this filing does not correct the deficiencies in the prior notice of removal and therefore the Court will not address it.

4

28 U.S.C. § 1446(b). The detainer warrant in this action was filed by Commercial Bank in the General Sessions Court for Union County on March 23, 2009 [Doc. 4-3, Exhibit 2], the Summers were served on March 24, 2009 [*Id.*], and the notice of removal pleadings were filed on August 24, 2009 [Docs. 1, 2]. Therefore, because the notice of removal pleadings were not filed within the thirty (30) day limit required under § 1446(b), this action should be remanded to state court.

**3.     Subject Matter Jurisdiction**

An action may be removed from state to federal court only if it could have been brought there in the first place, that is, if the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has original subject matter jurisdiction over two types of actions. The first type involves those actions raising a federal question. *See* 28 U.S.C. § 1331. The second type involves those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. *See* 28 U.S.C. § 1332. The party removing an action to federal court has the burden of showing that the federal jurisdictional requirements are satisfied. *See, e.g., Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). If the court determines that the removing party has met this burden, the court should not remand the case back to state court.

The Summers asserted in the notice of removal pleadings that removal was proper under federal question jurisdiction. Whether a claim arises under federal question jurisdiction is determined under the "well-pleaded complaint" rule, which generally looks

5

only to the plaintiff's complaint. *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005). Federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Under the well-pleaded complaint rule, courts determine whether a claim or right arises under federal law by examining the "well-pleaded" allegations of the complaint and ignoring potential defenses. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). In other words, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (citation omitted). Thus, "[i]f the complaint relies only on state law, the district court generally lacks subject matter jurisdiction and the action is not removable." *Palkow*, 431 F.3d at 552.

There are exceptions to the well-pleaded complaint rule. *Beneficial Nat'l Bank*, 539 U.S. at 6. One exception is the artful-pleading doctrine in which plaintiffs may not "avoid removal jurisdiction by artfully casting their essentially federal claims as state-law claims." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981) (quotation marks, citations, and edits omitted). A second exception to the well-pleaded complaint rule is the complete-preemption exception which makes removal proper "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l*

6

*Bank*, 539 U.S. at 8. A third exception is the substantial federal question doctrine, which applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9.

The initial pleading in this action, the detainer warrant filed by Commercial Bank, arises solely under Tennessee state law, specifically, the unlawful entry and detainer statutes. *See* TENN. CODE ANN. §§ 29-18-101 *et seq*. The Summers' notice of removal pleadings seek removal on several different theories, including alleged violations of constitutional rights and a number of alleged statutory violations. However, pursuant to the well-pleaded complaint rule, the Court finds that the detainer warrant in this case created no federal cause of action or depended upon the resolution of a substantial federal question, despite the various defenses asserted in the Summers' notice of removal pleadings. In addition, the Court has found that no exception to the well-pleaded complaint rule applies in this case. Thus, because Commercial Bank has not alleged a federal cause of action in the detainer warrant, and because the theories raised by the Summers in the notice of removal pleadings do not confer federal question jurisdiction, the Court does not have subject matter jurisdiction over this case and it should therefore be remanded to state court.

### III. Conclusion

For the reasons stated herein**,** the Court finds that the Summers' notice of removal pleadings [Docs. 1, 2, 5], filed on August 24, 2009 and September 30, 2009 are procedurally and substantively defective. Accordingly, Commercial Bank's Motion to Remand [Doc. 4]

will be **GRANTED** pursuant to 28 U.S.C. § 1447(c) and this case will be **DISMISSED** and remanded to the General Sessions Court of Union County.

## IV.     Request for Attorneys' Fees

Commercial Bank also seeks attorneys' fees connected with the motion to remand pursuant to 28 U.S.C. 1447(c).  Section 1447(c) provides that "an order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  In the Sixth Circuit, such an award is discretionary with the Court. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993).  The Court declines to exercise its discretion to award costs and fees under the circumstances of the removal in this case.

AN APPROPRIATE ORDER WILL BE ENTERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE